**OLYMPIC INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**H. D. HARRISON, INCORPORATED d/b/a Harrison Insurance Service, Hugh D. Harrison, et al., Defendants-Appellants.**

No. 27862.

United States Court of Appeals Fifth Circuit.

July 3, 1969.

On Motion for Rehearing July 16, 1969.

Carl J. Schumacher, Jr., Clarence F. Favret, Jr., New Orleans, La., for defendant-appellants.

Rader Jackson, Steeg & Shushan, New Orleans, La., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

The judgment of the district court sought to be appealed from was signed on January 21, 1969. The notice of appeal was filed on February 7, 1969 and the record was transmitted to the Clerk on March 28, 1969. However the Clerk did not lodge and docket the appeal because the appellant did not pay the docket fee.[1] No extension of time was applied

1. Rule 12(a), Federal Rules of Appellate Procedure provides in pertinent part:
  "Within the time allowed or fixed for transmission of the record (40 days), the appellant shall pay to the clerk of the court of appeals the docket fee * * * and the clerk shall thereupon enter the appeal upon the docket."

for or granted by either the district court or this Court. The appellee now seeks to dismiss this appeal under the provisions of Rule 12(c), Federal Rules of Appellate Procedure.[2]

■ ■ It is true that in meritorious cases, we can and do overlook irregularities in perfecting the appeal. Morrow v. Wood, 5 Cir. 1942, 126 F.2d 1021, 1022. Failure to follow the proper procedure does not deprive this Court of jurisdiction but it is grounds for such action as the Court deems appropriate. Brennan v. United States Gypsum Company, 10 Cir. 1964, 330 F.2d 728.

Even though the judgment below is not superseded, the plaintiff-appellee probably cannot execute its substantial judgment outside the Eastern District of Louisiana until it becomes final. See Abegglen v. Burnham, D.C.Utah 1950, 94 F.Supp. 484. All of the appellant's assets are in Texas. We have carefully studied the record and find no possible merit to this appeal. Its sole purpose appears to be for delay. Since the appellant did not give adequate reasons or show excusable neglect for the delay, we dismiss the appeal on the ground that the appellant did not pay the docket fee within the prescribed period set out in Rule 11(a) of the Federal Rules of Appellate Procedure. The motion to dismiss the appeal is ordered granted and the motion to file an out of time appeal is ordered denied.

On Motion for Rehearing

PER CURIAM.

The appellant has filed a motion for rehearing and reconsideration of the Court's order dismissing the appeal under Rule 12(c), Federal Rules of Appellate Procedure for failure of the appellant to pay the $25 docket fee. In our opinion rendered July 3, 1969, we pointed out that in meritorious cases we overlooked irregularities in perfecting the appeal, but here it appeared that we could find "no possible merit to this appeal".

Counsel for the appellant states that he overlooked the payment of the docket fee. Although the Clerk's office customarily notifies counsel upon receipt of records of the district clerk that the $25 docket fee is due he did not do so in this case, because, before the record could be processed and counsel advised as to its filing, a deputy clerk of the district court withdrew the record.

The appeal was from a summary judgment in the amount of $303,755.63 rendered January 21, 1969. The appellants contend that there are genuine issues as to material facts and that therefore the case should not have been adjudicated by summary judgment.

■ In the interest of ameliorating the sanction of dismissal for counsel's inadvertence we suspend the issuance of the mandate until we have been afforded an opportunity to consider the appellant's brief on the merits. Accordingly, the appellant is directed to file a brief on the merits by August 15, 1969. The appellee may respond to the appellants' brief not later than September 15, 1969. The Court will then determine whether to grant the rehearing and allow the motion to file an out-of-time appeal that will be docketed and heard in due course.

2. The appellant paid the docket fee on May 26, 1969 after being served with the appellee's motion to dismiss.