**GOLDEN OIL COMPANY, INC., and G. G. Weems, Individually, and d/b/a Golden Oil Company, Inc., Plaintiffs-Appellants,**

v.

**EXXON COMPANY, U.S.A. (a Division of Exxon Corporation), formerly Humble Oil & Refining Company, Defendant-Appellee.**

No. 76–1153
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1976.

Rehearing Denied Feb. 14, 1977.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas B. Wheeler, New Orleans, La., Jack N. Price, Austin, Tex., John D. Lambert, Jr., Harry Nowalsky,, New Orleans, La., for plaintiffs-appellants.

Bernard J. Caillouet, E. Burt Harris, Francis J. Mooney, Jr., New Orleans, La., Wm. Simon, Wm. R. O'Brien, Wm. J. Hunter, Jr., Washington, D. C., for defendant-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

GEE, Circuit Judge:

This appeal concerns a counterclaim made by Exxon in a case filed by Golden Oil Company and its president and owner, G. G. Weems. When Golden's responses to certain interrogatories failed to satisfy the district court as meeting the court's order to answer "fully," the court struck Golden's defense and granted summary judgment for Exxon on the counterclaim. We affirm.

In this counterclaim, Exxon alleged the existence of an open account upon which Exxon (then known as Humble Oil and Refining Company) supplied petroleum products and merchandise to Golden for resale. According to these allegations, Golden Oil owed Exxon $134,047.65 on the account. Golden denied liability on the account generally, asserting that it had already paid some or all of the amounts claimed by Exxon.

During discovery, Exxon presented a detailed Statement of Account, asserting that the items and invoices credited and debited thereon constituted the account. Exxon requested an admission of its genuineness. Golden's response proved unsatisfactory to the district court, which ordered Golden to file a supplemental answer to the request for admission. Before Golden had filed these supplemental answers, Exxon served interrogatories which included the following questions:

23. . . . With respect to each and every debit item shown on [the Statement of Account] which you might claim has been paid, provide the following information:

A. The date of payment of each such debit item.

B. The manner of payment of each such debit item, that is, by cash, by check or by assigned invoice.

C. If any of such debit items were paid by assigned invoice, give the invoice number being assigned, the amount thereof and the date thereof,

and the Credit Remittance Advice making reference to such assignment.

24. . . . [I]n each instance where you deny a particular Request for Admission, give the exact reason or reasons for the denial thereof and references to the particular documents or other accounting data which support or tend to support your denial of the particular Request for Admission in each case.

Golden responded that it had no information on which to answer these interrogatories, claiming that its books and records covering that period had been in the possession of Exxon and had never been returned or made available to Golden, even though Golden had requested discovery of these documents in the instant litigation.

Upon receipt of these answers, Exxon filed a motion with the court to compel answers and for summary judgment. This motion was supported by the affidavits of a Certified Public Accountant and the Manager of Exxon's Accounting Center, to the effect that the Statement of Account accurately and correctly reflected the state of the debits and credits on the open account between Exxon and Golden, as shown in the books and records of both Exxon and Golden. The court denied summary judgment "on the state of the record at this time," but ordered Golden to answer Interrogatories 23 and 24 "fully" within thirty days, failing which the court promised to strike Golden's defense of payment.

Golden timely filed supplemental answers to these interrogatories, setting out more completely its assertion that it could not provide answers because it lacked the necessary information. Specifically, Golden stated:

Despite exhaustive examination of the records in its possession by GOLDEN's attorneys and bookkeepers, as well as Mr. G. G. WEEMS, plaintiff cannot identify any of the invoices listed on the January 31 Golden Oil Company Statement of Account submitted by EXXON and say in all honesty that that particular invoice was paid on a specific date by a specific check or by collection of a particular assigned account, nor does it know exactly what application was made of the money which EXXON collected from credit card accounts. GOLDEN can only reiterate that its own records show that it is not indebted to EXXON.

But, as noted by the district court, Golden had developed during earlier discovery an analysis of the purchases and payments between Exxon and Golden which could not have been prepared without access to the information which it later claimed it lacked. Exxon filed another motion to strike Golden's defense, coupled with a motion for summary judgment supported by a third affidavit of a Certified Public Accountant testifying to the accuracy of the Statement of Account, and specifically meeting Golden's charges of inaccuracy.[1]

The district court, Heebe, J., granted Exxon's motion, striking Golden's defense pursuant to F.R.Civ.P. 37, and rendering summary judgment for Exxon pursuant to F.R.Civ.P. 56.[2]

The court's opinion noted that Golden did not supply the information requested by Interrogatories 23 and 24, and therefore did not comply with the court's discovery order. To Golden's claim that Exxon, not Golden, possessed and refused to disclose the relevant information, Judge Heebe noted that Exxon had denied having such information and had asserted that it had produced all records in its possession, and that Golden had failed to make any showing that Exxon

1. In a second supplemental response to the interrogatories, Golden alleged payment of certain invoices, and purported to identify some discrepancies in the Statement of Account. Exxon, however, countered each of Golden's claims (some of which appear patently absurd) in its third affidavit. Golden made no further attempt to create an issue of fact.

2. On appeal, Golden asserts that the sole basis for the district court's disposition was Rule 37, providing sanctions for violations of discovery orders. Golden has misread the court's order, which explicitly cites Rule 56 along with Rule 37.

did, in fact, possess such information. The district court then concluded that Golden either would not or could not comply with the discovery order; on this basis, it struck Golden's defense of payment and granted summary judgment for Exxon.

■ Of necessity, Golden challenges both the striking of its defense and the grant of summary judgment, the two facets of the judgment being tightly intertwined. But we need not consider the propriety of the court's striking the defense—a *pleading* matter—if as to it no *fact* issues had been made, it being the function of motions for summary judgment to pierce pleadings.[3]

The district court was entirely justified by the record in concluding that Golden either could not or would not provide the information ordered.[4]

■ It is elementary that where the party moving for summary judgment supports his motion with sworn matter or admissions, the opponent bears a burden of presenting affidavits or other proper matter sufficient to create a genuine dispute of fact. Pleadings will not suffice to defer the evil day, and the opposing party, facing such a situation, may not choose to wait until trial to develop claims or defenses relevant to the summary judgment motion. *See First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Solomon v. Houston Corrugated Box Co.*, 526 F.2d 389 (5th Cir. 1976); *Curl v. International Bus. Machines*

*Corp.*, 517 F.2d 212 (5th Cir. 1975); *Bruce Constr. Corp. v. United States*, 242 F.2d 873, 878 (5th Cir. 1957).

■ Here, Exxon presented a thorough and detailed basis for its summary judgment motion. Golden presented nothing but a cloud of ink.[5] Thus, there was no genuine issue as to any material fact on the counterclaim. If Exxon was entitled to judgment as a matter of law, the court properly granted the motion.

■ On that last question, this court squarely held in *Olympic Ins. Co. v. H. D. Harrison, Inc.*, 418 F.2d 669, 671 (5th Cir. 1969), that summary judgment on an account is proper where the moving party sets out a detailed statement of account and the opposing party fails to adduce specific, legally cognizable items of debit or credit not included in the movant's statement, demonstrating that the amount claimed due is inaccurate. Likewise, *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353 (5th Cir. 1962), affirmed summary judgment on an open account where the movant demonstrated the accuracy and validity of the account by affidavit and the opposing party denied liability generally without presenting specific indications that the movant's facts erred. These two cases control the situation before us now, demonstrating past doubt that this court will affirm summary judgment granted on an account, pleaded in adequate detail, where there is no dispute of fact.

---

**3.** On appeal, Golden seeks to raise for the first time *several state law affirmative defenses*, based on La.Civ.Code Ann. Arts. 2199, 2217, and 2655. While the district court could have heard these defenses, Golden first sought to raise them in its brief in this court. As affirmative defenses, Golden waived them by neglecting to raise them. *State Farm Mut. Automobile Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975), *citing Radio Corp. of America v. Radio Station KYFM, Inc.*, 424 F.2d 14 (10th Cir. 1970). And because it did not advance these theories before the district court, we need not consider them further. *Capps v. Humble Oil & Refining Co.*, 536 F.2d 80 (5th Cir. 1976); *Wolf v. Frank*, 477 F.2d 467 (5th Cir.), *cert. denied*, 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973).

**4.** In fact, Golden's counsel admitted to the court that they had *no evidence, but intended* to rely on cross-examination of Exxon's witnesses at trial.

**5.** Plaintiff alleged entitlement to offsets and other credits of unspecified amount. This assertion, even if it were supported by documents or other evidence, is legally infirm, since Louisiana law (which controls the substantive resolution of this pendant counterclaim) does not permit offsets for debts such as these, which are not "liquidated and demandable." *Olympic Ins. Co. v. H. D. Harrison, Inc.*, 418 F.2d 669, 672 (5th Cir. 1969).

Accordingly, the judgment of the district court is AFFIRMED.