# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00046-SCT

*KERR-McGEE CORPORATION AND KERR-McGEE*
*CHEMICAL LLC*
*v.*

*MARANATHA FAITH CENTER, INC. AND*
*SANDERSON PLUMBING PRODUCTS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/6/2002 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SCOTT FULLER SINGLEY |
| | MARC DARREN AMOS |
| | J.GORDON FLOWERS |
| | WILLIAM LAWRENCE DEAS |
| | JOHN M. JOHNSON |
| | JACKSON R. SHARMAN, III |
| | CHRISTOPHER A. SHAPLEY |
| | WILLIAM 'TREY' JONES |
| | JOHN EDWARD MILLER |
| | ROBERT L. GIBBS |
| | BARBARA H. JOHNSON |
| | LANA KAY ALCORN |
| ATTORNEYS FOR APPELLEE: | BENNIE L. TURNER |
| | JEFFREY JOHNSON TURNAGE |
| | TAYLOR B. SMITH |
| | RICHARD H. SPANN |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 05/13/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., COBB, P.J., AND GRAVES, J.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This is an appeal from a summary judgment granted in favor of Sanderson Plumbing Products, Inc. ("Sanderson"). The judgment dismissed all claims against Sanderson, including cross-claims against Sanderson filed by co-defendants in the action. Kerr-McGee Corporation and Kerr-McGee Chemical, LLC ("Kerr-McGee") were co-defendants with Sanderson in a suit for damages brought by a neighboring property owner, Maranatha Faith Center, Inc. ("Maranatha"). Maranatha sued claiming its property was contaminated by the release of hazardous materials by Kerr-McGee.

¶2.     On February 18, 2000, Maranatha filed its complaint in the Chancery Court of the First Judicial District of Hinds County, Mississippi, against Kerr-McGee, Sanderson and other defendants. The case was removed to the United States District Court for the Southern District of Mississippi, remanded back to the Chancery Court of Hinds County, then transferred to the Circuit Court of Lowndes County, where it is currently pending.

¶3.     On April 24, 2001, Sanderson filed cross-claims against Kerr-McGee and all other private party defendants seeking indemnity and/or contribution. Kerr-McGee filed cross-claims against Sanderson in response.

¶4.     On July 12, 2002, Sanderson filed a motion for summary judgment on all claims and cross-claims. Maranatha did not oppose the motion, and as a result, the motion was subsequently granted by the court. Pursuant to M.R.C.P. 54 (b), the court entered a final judgment in favor of Sanderson on December 6, 2002 . It is from this judgment that Kerr-McGee appeals and submits the following issue on appeal:

> WHETHER THE TRIAL COURT ERRED IN GRANTING SANDERSON'S SUMMARY JUDGMENT ON KERR-McGEE'S CROSS CLAIMS.

**FACTS**

2

¶5.     Maranatha Faith Center is a ministry in Columbus, Mississippi. In 1999, an oily substance, which was confirmed as creosote and other contaminants, was found on the church property. Kerr-McGee is located in an area of Columbus that includes a mixture of industrial and residential properties. Sanderson's facility, which manufactures toilet seats and related products, is located immediately to the south of Kerr-McGee's plant. Maranatha owns property that is located slightly to the southeast of the Kerr-McGee and Sanderson facilities.

¶6.     Maranatha contends that its property has been contaminated through the air, soil and/or groundwater. In its complaint, Maranatha alleged that the contaminants from Kerr-McGee flowed through various ditches and spread to Maranatha's property. Maranatha also alleged that there were two contaminated ground plumes consisting of hazardous creosote beyond the premises of Kerr-McGee and that one plume allegedly runs along the western side of Kerr-McGee's facility and travels through land owned by Sanderson. Maranatha further alleged that another ditch runs along the eastern side of the Kerr-McGee facility and eventually travels into a ditch going to Maranatha's property.

¶7.     Sanderson denied any liability and filed a cross-claim for indemnity claiming that if it could be liable for the contamination by Kerr-McGee, then Kerr-McGee should indemnify it since the pollution originated at Kerr-McGee, according to the complaint. Kerr-McGee then alleged that Sanderson owed it indemnity.

¶8.     Sanderson's motion for summary judgment was supported by an affidavit of Dan Foss, an expert in environmental science and a properly certified hydro-geologist. In the affidavit, Foss based his opinions upon materials produced by the parties during discovery as well as tests conducted by the Mississippi Department of Environmental Quality and by experts retained by Kerr-McGee and Maranatha. Foss also

3

based his affidavit upon his own testing and reviews. Foss's testing showed only one possible contaminant detected on Sanderson property, but this contaminant was not present on the Maranatha property.

¶9.    Foss also included tests in his affidavit that were based on samples taken by the Mississippi Department of Environmental Quality and Maranatha's experts.  The tests revealed that a high concentration of contaminants found in the ditch that ran along Kerr-McGee's property were also found on  Maranatha's property; however, none of the compounds detected on Maranatha's property were detected in the ditch running through Sanderson's property. Foss  concluded in his affidavit that the alleged contamination on   Maranatha's property did not result from the migration of contamination across Sanderson's property. Foss's affidavit was not contradicted, and the circuit court found it sufficient to grant summary judgment to Sanderson.

## ANALYSIS

### WHETHER THE TRIAL COURT ERRED IN GRANTING SANDERSON SUMMARY JUDGMENT ON KERR-McGEE'S CROSS-CLAIMS.

#### A.    Whether the circuit court's ruling on Kerr-McGee's cross-claims for contribution was premature.

¶10.    Kerr-McGee claims that the circuit court's ruling on its  cross-claims for contribution was premature. It avers  that its claims for contribution against Sanderson will not arise and become ripe unless and until Maranatha obtains a judgment against Kerr-McGee.  Kerr-McGee further avers that at the time of the circuit court's ruling, the expert designation deadline had not expired.  Under U.R.C.C.C. 4.04 A, Kerr-McGee claims that it was  not required to designate expert witnesses and submit expert proof until 60 days prior to trial. The court granted summary judgment on December 6, 2002, and the trial was scheduled for May 19, 2003. Therefore, Kerr-McGee argues that the ruling was premature because it was made five months before the trial.  Kerr-McGee contends that it has now had an opportunity to submit

4

expert proof, and there is sufficient evidence to establish that Sanderson is a contributor to any contamination in the area.

¶11.    Kerr-McGee relies on *Griffin v. Delta Democrat Times Publishing Co.*, 815 So.2d 1246 (Miss. Ct. App. 2002), where the Court of Appeals held that summary judgment was premature where the defendant refused to answer discovery and instead responded to Griffin's request for discovery by filing a motion for summary judgment. *Id.* at 1247. The Court of Appeals stated that "before the trial judge examined this issue, he should have addressed the more introductory matter of whether summary judgment was premature because of the lack of discovery." *Id.* at 1249. However, *Griffin* is unpersuasive and distinguishable because here there is nothing in the record to support the contention that Sanderson did not comply in answering discovery.

¶12.    Kerr-McGee should have used the procedure set forth in Rule 56(f) of the Mississippi Rules of Civil Procedure to seek additional time to respond to summary judgment motions. Rule 56 (f) states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his position, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

¶13.    Kerr-McGee did not seek any additional time to respond to the summary judgment motion. The record reflects that Kerr-McGee only submitted a response in opposition to the motion for summary judgment, which was not accompanied by any affidavits or other substantive evidence. The response simply stated that Sanderson was not entitled to summary judgment as a matter of law and did not raise any issue of the need for additional time to gather discovery. Therefore, because Kerr-McGee did not utilize Rule 56(f) to request additional time for discovery, the circuit court's ruling on Kerr-McGee's cross-claims was not premature.

5

**B.** **Whether the order granting Sanderson summary judgment wrongfully prohibits Kerr-McGee from seeking an allocation of fault to Sanderson at trial.**

¶14. Kerr-McGee argues that the circuit court's order wrongfully operates to prohibit it from seeking an allocation of fault to Sanderson at trial. Kerr-McGee refers to Miss. Code Ann. § 85-5-7(7), which states: "In actions involving joint tort-feasors, the trier of fact shall determine the percentage of fault of each party alleged to be at fault." Kerr-McGee claims that Maranatha has utilized a "loophole" in § 85-5-7(7) and wrongfully usurped Kerr-McGee's rights to make allegations of fault at trial with respect to Sanderson. Kerr-McGee alleges that Maranatha attempted to undermine Kerr-McGee's rights to allocate fault at trial by including Sanderson in this suit and then completely failing to prosecute the claim. Kerr-McGee further alleges that Maranatha made no effort to mount any opposition to Sanderson's motion for summary judgment, which led to the award of summary judgment to Sanderson. This ruling will prevent an allocation of fault to Sanderson at trial. Kerr-McGee's argument on this issue is without merit.

¶15. Kerr-McGee failed to "go forward" in the face of an affidavit proving that Sanderson was not responsible for the contamination found on Maranatha's property. Additionally, Kerr-McGee made no effort to contradict Sanderson's affidavit or to prove that Maranatha or Kerr-McGee had a supportable claim against Sanderson. It simply submitted a response in opposition to the motion for summary judgment stating that Sanderson has not demonstrated that it was entitled to judgment as a matter of law. Furthermore, Kerr-McGee did not submit any affidavits, depositions, or answers to interrogatories demonstrating that any contaminants on Maranatha's property passed through Sanderson's property. In order to avoid entry of summary judgment, a party must be diligent and not rest upon allegations or denials in the pleading. A party must set forth "specific facts" showing that there are indeed genuine issues for trial.

6

*See Moore v. Mem'l Hosp. of Gulfport*, 825 So.2d 658, 663 (Miss. 2002) (citing additional authorities).

¶16.    In *Cothern v. Vickers, Inc.*, 759 So.2d 1241, 1245 (Miss. 2000), this Court stated that in order "to defeat a motion for summary judgment, the nonmoving party must make a showing sufficient to establish the existence of elements essential to his case." The Court went on to state that the nonmovant must present affirmative evidence that a genuine issue of material fact exists. *Id.* Here, Kerr-McGee did not present any evidence supporting its claim. Therefore, because Kerr-McGee did not make a showing sufficient to establish the elements of its case, the circuit court did not err in granting summary judgment.

¶17.    Additionally, Kerr-McGee's argument that it now has sufficient evidence to create a disputed issue of fact is without merit. Kerr-McGee seems to be suggesting that this Court reverse and "see" if something may develop later. Any desire by Kerr-McGee to withhold or reverse summary judgment because it "might" show something at trial has previously been rejected by the courts. *Golden Oil Co. v. Exxon Co., USA*, 543 F.2d 548, 551 (5th Cir. 1976). Accordingly, the circuit court was correct in granting Sanderson summary judgment. Kerr-McGee had its day in court but chose to "remain mute."

## CONCLUSION

¶18.    For these reasons, the circuit court did not err in granting Sanderson summary judgment on Kerr-McGee's cross-claims. Therefore, we affirm the circuit court's judgment.

¶19.    **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**