# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-01732-SCT

*FELICIA ROGERS JOHNSON AND THOMAS
JOHNSON, JR.*

*v.*

*WILLIAM PACE, M.D.*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/2012 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ALFREDA T. BESTER |
| | ALVIN ARMISTAD |
| ATTORNEYS FOR APPELLEE: | REX M. SHANNON, III |
| | GAYE NELL CURRIE |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 09/26/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     The Johnsons appeal from summary-judgment dismissal of their medical-malpractice

suit against William Pace, M.D.  Finding no error, we affirm.

## FACTS

¶2.     On September 19, 2011, the Johnsons filed a complaint against Dr. Pace, alleging a

claim of medical malpractice arising from a surgical procedure Dr. Pace had performed on

Felicia Johnson. On October 31, 2011, Dr. Pace filed his Answer and Defenses, denying any

negligence in his treatment of Felicia Johnson. On the same day, Dr. Pace served his first set of interrogatories and requests for production of documents to the Johnsons. One interrogatory requested that the Johnsons identify any medical experts they intended to call as witnesses at trial, along with the proposed opinions of those experts. In their response, the Johnsons stated that they had not yet identified an expert to be called as a witness at trial. On December 20, 2011, Dr. Pace served his first requests for admission and second requests for production of documents to the Johnsons. In response, the Johnsons admitted that they did not have a report from a qualified medical expert stating that Dr. Pace had breached the standard of care applicable to him in any way in his care and treatment of Felicia.

¶3.     On May 14, 2012, eight months after the complaint was filed, Dr. Pace filed a motion for summary judgment, arguing that he was entitled to judgment as a matter of law because the Johnsons had failed to produce any expert testimony to support their claim. The Johnsons responded by filing a motion to quash[1] Dr. Pace's motion for summary judgment. The Johnsons argued that Dr. Pace's motion was premature, because no scheduling order had been entered in the case and no deadline for designating an expert witness had been established. The Johnsons did not respond to the substantive allegations of Dr. Pace's motion for summary judgment.

¶4.     On September 7, 2012, the trial court held a hearing on the motion for summary judgment. The Johnsons argued that Dr. Pace's motion for summary judgment was merely

---

[1]The Johnsons later moved to amend their response to substitute the word "strike" in place of "quash." However, the substance of their argument remained the same.  They requested the court to dismiss the motion for summary judgment as untimely.

2

a "Draconian method" to punish them for being uncooperative during discovery. The trial court asked the Johnsons why they were unable to produce an expert witness when they were required to consult with one prior to commencing the suit. The Johnsons responded that the expert with whom they initially had consulted subsequently refused to testify for undisclosed reasons. The Johnsons claimed that they had found an expert who would testify on their behalf and asked the court to allow them extra time to supplement their discovery responses. They did not identify the expert or make a proffer of the expert's proposed testimony. On September 14, 2012, the trial court entered its order granting Dr. Pace's motion for summary judgment. The trial court found that the Johnsons had had ample time to produce an expert to support their claims, and in the absence of any such expert testimony, that Dr. Pace was entitled to judgment as a matter of law.

¶5.     The Johnsons now appeal the trial court's grant of summary judgment, raising the following issues:

> I.     **Whether Dr. Pace's motion for summary judgment, based solely on his assertion that the Johnsons had not yet named an expert, was premature.**
>
> II.    **Whether Dr. Pace's supplemental affidavit supporting his motion for summary judgment was properly before the trial court.**

¶6.     We address only the first issue, finding it to be dispositive.

## STANDARD OF REVIEW

¶7.     A trial court's grant of summary judgment is reviewed *de novo*. ***City of Jackson v. Shavers***, 97 So. 3d 686 (Miss. 2012) (citing ***Arcadia Farms P'ship v. Audubon Ins. Co.***, 77 So. 3d 100, 104 (Miss. 2012)).  Summary judgment is proper if "the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The evidence must be viewed in the light most favorable to the party opposing the motion. *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004). Only when the moving party has met its burden by demonstrating that no genuine issues of material fact exist should summary judgment be granted. *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990).

## DISCUSSION

I.      **Whether Dr. Pace's motion for summary judgment, based solely on his assertion that the Johnsons had not yet named an expert, was premature.**

¶8.     The law of summary judgment is well-settled. "A party against whom a claim . . . is asserted . . . may, *at any time*, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Miss. R. Civ. P. 56(b) (emphasis added). In a medical-malpractice action, the plaintiff carries the burden of proof at trial and, thus, the burden of production on summary judgment. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1995). A plaintiff in a medical-malpractice case has the burden of proving "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Hubbard v. Wansley*, 954 So. 2d 951, 956-957 (Miss. 2007) (citations omitted). Expert testimony establishing these elements generally is required for the nonmoving party to survive summary judgment. *Smith v. Gilmore Mem'l*

4

*Hosp., Inc.*, 952 So. 2d 177, 180 (Miss. 2007) (citing *Sheffield v. Goodwin*, 740 So. 2d 854, 856 (Miss. 1999). "Not only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992) (citing *Latham v. Hayes*, 495 So. 2d 453 (Miss. 1986)).

¶9.     Aside from the bare assertion in their brief that "genuine issues of material fact remain herein," the Johnsons have not pointed to any specific factual dispute that would warrant reversal of summary judgment.  Instead, they argue that Dr. Pace's motion for summary judgment should not have been considered because they were not yet required to designate an expert witness at the time the motion was filed. The Johnsons cite Rule 4.04(A) of the Uniform Rules of Circuit and County Court to support their proposition.  The rule provides:

> All discovery must be completed within ninety days from service of the answer by the applicable defendant. Additional discovery time may be allowed with leave of court upon written motion setting forth good cause for the extension.  Absent special circumstances the court will not allow the testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record *at least sixty days before trial*.

URCCC 4.04(A) (emphasis added).  The Johnsons argue that, because no trial date had been set in the case, the sixty-day deadline for designating an expert never expired.

¶10.     This Court previously has rejected a similar argument and affirmed summary judgment in a case where the Rule 4.04(A) expert-designation deadline had not yet passed. In *Kerr-McGee Corp. v. Maranatha Faith Center, Inc.*, 873 So. 2d 103, 105 (Miss. 2004), the plaintiff sued Sanderson Plumbing Products, Inc., and Kerr-McGee Chemical, LLC, for property contamination allegedly caused by chemicals used by the defendants.  Kerr-McGee

and Sanderson filed cross-claims against each other for indemnity or contribution. *Id.* The trial court granted summary judgment to Sanderson and dismissed all claims against it, including the cross-claims by Kerr-McGee. *Id.* Kerr-McGee then appealed, arguing that summary judgment was premature because the expert-designation deadline under Rule 4.04(A) had not yet passed. *Id.* at 106. Relying on the Rule 4.04(A) deadline, Kerr-McGee argued that it was not prepared to rebut Sanderson's expert testimony in support of summary judgment. *Id.* This Court rejected Kerr-McGee's argument. *Id.* at 107. Because Kerr-McGee's response in opposition to summary judgment did not request additional time for discovery and was not accompanied by substantive evidence in opposition of summary judgment, this Court held that the circuit court's grant of summary judgment was proper. *Id.*

¶11.    The Johnsons' argument is the same as the defendant's in ***Kerr-McGee***. Rule 4.04(A) provides that an expert witness must be designated no later than sixty days prior to trial. There is no authority for the Johnsons' proposition that a party need not produce an expert witness until that time. The Johnsons were required to support their claim with expert testimony in order to prevail against Dr. Pace. In fact, the Johnsons were required to consult with a medical expert before filing suit. *See* Miss. Code Ann. § 11-1-58 (Supp. 2012). The Johnsons also were under a continuing duty to update their responses to Dr. Pace's discovery requests regarding potential expert witnesses. *See* Miss. R. Civ. P. 26(f)(1)(B). In light of the Johnsons' admission that they did not have the requisite expert opinion supporting their claims, Dr. Pace properly moved for summary judgment. *See **Smith***, 952 So. 2d at 180. With no supporting medical-expert testimony, the Johnsons were unable to carry the required burden of proof in this case. "[I]t is our general rule that in a medical-malpractice action[,]

6

negligence *cannot be established* without medical testimony that the defendant failed to use ordinary skill and care." ***Brooks v. Roberts***, 882 So. 2d 229, 232 (Miss. 2004) (emphasis in original) (citing ***Sheffield v. Goodwin***, 740 So. 2d 854, 858 (Miss. 1999)). Accordingly, we find that Dr. Pace's motion for summary judgment was not premature.

## CONCLUSION

¶12.    A year after filing their complaint, faced with a motion for summary judgment, the Johnsons failed to present any medical-expert testimony establishing the elements of a medical-malpractice claim. In the absence of any expert testimony to support the Johnsons' claim, Dr. Pace was entitled to judgment as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment in favor of Dr. Pace.

¶13.    **AFFIRMED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**