**David L. HENNING, Plaintiff,**

v.

**VILLAGE OF MAYFIELD VILLAGE, et al., Defendants.**

**No. C84–1131.**

United States District Court, N.D. Ohio, E.D.

Jan. 29, 1985.

---

Jeffrey H. Friedman, Frank Chenette, Friedman and Chenette, Cleveland, Ohio, for plaintiff.

Dale C. Feneli, Director of Law, Beachwood, Ohio, for defendants.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This action arises under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Court's pendant jurisdiction over state claims. Plaintiff is employed as a full-time dispatcher with the defendant Village of Mayfield Village, Ohio. When plaintiff was hired the dispatchers worked fixed shifts, plaintiff working the night shift. Subsequently, the Village converted the fixed shift to a rotating shift. Plaintiff alleges that because of his handicap he is unable to work rotating shifts. Plaintiff asserts that the Village's refusal to allow him to work a fixed shift constitutes discrimination under the Rehabilitation Act of 1973. Counts I and II of the complaint contain plaintiff's allegations under this act. Defendant has filed a motion to dismiss Counts I and II.

In order to prevail under § 504 plaintiff must prove: (1) that he is a handicapped individual as defined in the statute; (2) that he is otherwise qualified to participate in the program or activity at issue; (3) that he was excluded from the program or activity solely by reason of his handicap; (4) and that the program or activity receives federal financial assistance. *Doe v. New York University*, 666 F.2d 761 (2d Cir.1981), *Fitzgerald v. Green Valley Area Education Agency*, 589 F.Supp. 1130 (S.D. Iowa 1984).

The issue presented by defendant's motion to dismiss is whether the Village receives federal financial assistance within the meaning of the act.

29 U.S.C. § 794a is similar to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. In 1978 the Rehabilitation Act was amended making available the remedies procedures and rights set forth in Title VI to those discriminated against under the Rehabilitation Act. Title VI contained a limitation providing that a violation of the act existed only when the employer receives federal financial assistance the primary objective of which is to provide employment. This provision had been held applicable to the Rehabilitation Act although it was not expressly provided. *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87 (4th Cir.1978), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979).

In *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984), the Supreme Court of the United States discussed whether the federal financial assistance required for filing a lawsuit

under § 504 must be used to promote employment. In arriving at its decision the Court found that § 504 does not contain the limitation of Title VI. Section 504 prohibits discrimination against the handicapped under any program or activity receiving financial assistance. The federal funds need not be used to provide employment.

█ However the federal funds must have some nexus to the program or activity in which the handicapped person is to participate. *Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984). In *Grove City College v. Bell, supra,* the Supreme Court held that Title IX of the Education Amendments of 1972 which prohibits sex discrimination in any education program or activity receiving federal funds applied to the college even though it received no direct federal financial assistance. The college enrolled students who individually received Basic Educational Opportunity Grants. The program or activity found to be receiving federal financial assistance was the college's financial aid program and not the entire college. Therefore noncompliance with Title IX resulted only in termination of federal funds to the college's financial aid program.

█ Attached to the defendant's motion to dismiss is the affidavit of Patricia L. Minor, Assistance to the Director of Finance for Mayfield Village, Ohio. She states that the Village received Federal Revenue Sharing Funds as its only source of federal financial assistance for 1983 and 1984. In 1983 the funds were used for payment of engineering fees for the reconstruction and resurfacing of Wilson Mills Road and for implementation of a tool and equipment rental program for the benefit of the residents of the Village. The funds received in 1984 were expended for the purchase of police vehicles, Service Department improvements, maintenance of traffic signals and for the purchase of communications equipment. There has been no recommendation to the Mayor and Council as to how the funds received in 1985 will be distributed.

It appears that federal funds received by the Village may be used at its discretion. They can be distributed to any department of the Village and employed within the department in diverse manner. In fact, in 1984 funds were allocated to the police department for purchase of police cars and possibly for communication equipment. Because the city receives funds to be used as it determines and does so for so many different purposes it cannot be found that the programs or activities receiving funds should be limited to a small specific use such as to provide employment for dispatchers. Instead the program or activity considered to be receiving financial assistance for the purposes of the Rehabilitation Act of 1973 must be the Village of Mayfield itself. It is not important that in one specific year funds are not used for the police department. The funds may be allocated there the next year. A decision that the Village is the program or activity receiving the financial assistance prevents discrimination against handicapped persons from occurring only in the years funds are allocated to the police department.

Accordingly, the defendant's motion to dismiss Counts I and II is DENIED.

IT IS SO ORDERED.