**Rusty N. SOLES, Steven E. Chalker, John G. Chalker, and Keith Soles, Plaintiffs,**

v.

**BOARD OF COMMISSIONERS OF JOHNSON COUNTY, GEORGIA, Defendant.**

**Civ. A. No. CV389-007.**

United States District Court, S.D. Georgia, Dublin Division.

Aug. 21, 1990.

**107**

Charles L. Wilkinson, III, Augusta, Ga., and Morris S. Robertson, Dublin, Ga., for plaintiffs.

Joe W. Rowland, Wrightsville, Ga., for defendant.

## ORDER

BOWEN, District Judge.

This action is before the Court on defendant's motion for partial summary judgment, plaintiffs' motion for partial summary judgment, and plaintiffs' motion to strike hearsay statements contained in defendant's brief filed in support of defendant's motion for summary judgment. The jurisdiction of the Court is based upon the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The case involves the propriety, under the FLSA, of allowing overtime compensation for emergency medical technicians ("EMT's") employed by the Board of Commissioners of Johnson County, Georgia.

During the years of 1986, 1987, and 1988, plaintiffs were emergency medical technicians and ambulance drivers employed by defendant. Plaintiffs' job duties included responding to fire calls or to police calls where there were accidents, fights, riots and similar situations. They responded when requested by fire or law enforcement agencies to provide emergency medical service to an injured person. Plaintiffs assert that they were not cross-trained in either fire protection services or law enforcement activities.

Plaintiffs' work hours consisted of shifts where they were "on duty" for twenty-four hours, "on call" for the following twenty-four hours, and "off duty" for the next twenty-four hours. This rotation resulted in a workweek consisting of 48 hours followed by a workweek consisting of 72 hours. Defendant paid plaintiffs the same amount regardless of the amount of hours worked each week. This practice resulted in an hourly rate of pay of $4.69 for the 48–hour week and $3.13 for the 72–hour week. When "on call", plaintiffs received a certain amount per day ($30.00 as of

January, 1988). During this "on call" period, the EMT's had to be within fifteen minutes of the emergency medical station and could not leave Johnson County. If the "on duty" EMT's received a call, the "on call" team would go to the station to be available in case of an emergency while the "on duty" team was unavailable. While at the station, the "on call" team did not receive additional pay unless dispatched to an emergency call, in which case defendant paid an hourly rate of $4.07 (as of January, 1988). In this action, plaintiffs allege that they are entitled to overtime compensation for each hour worked in excess of 40 hours per week for the three-year period prior to the lawsuit. Additionally, plaintiffs seek an amount equal to the overtime pay as liquidated damages based on the allegation that the defendant intentionally ignored the mandate contained in the FLSA for overtime pay. 29 U.S.C. § 216(b). Citing *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), plaintiffs submit that they fall under the protection of the FLSA and are therefore entitled to receive overtime pay at the rate of time and one-half for all hours worked in excess of 40 hours during any one workweek. Plaintiffs calculated the amounts due by taking each workweek, calculating the hours the regular weekly pay represents, and computing overtime hours in excess of 40 hours per week. Plaintiffs reduced this amount by the amount actually paid for each week. These calculations resulted in the following overtime pay allegedly due to each plaintiff during the three-year period in issue: [1]

 Steven Chalker—$12,187.61
 Rusty Soles —$ 9,404.62
 John Chalker —$ 6,357.76
 Keith Soles —$ 3,090.51

Defendant does not dispute the allegation by plaintiffs that they fall within the FLSA. Rather, defendant asserts that plaintiffs were substantially engaged in law enforcement activities as defined by 29 U.S.C. §§ 207(k) and 213(b)(20) during the

time for which they are claiming overtime pay. These provisions exempt from the mandate of overtime pay those employees engaged "in fire protection activities or any employee in law enforcement activities ..." or

> "any employee of a public agency who in workweek is employed in fire protection activities or any employee of a public agency who in any workweek is employed in law enforcement activities ... if the public agency employs during the workweek less than five employees in fire protection or law enforcement activities."

Defendant supports its assertions by offering the statement of Mr. Milton Halibut, an employee of the United States Department of Labor located in Savannah, Georgia. Mr. Halibut apparently informed defendant's attorney that where an emergency medical service ("EMS") is owned by a county and is not housed in a fire and law enforcement agency, it is the policy of his department to treat the EMS as related either to fire protection or law enforcement depending on which category the EMS is engaged the most. This statement by Mr. Halibut serves as the basis for plaintiffs' motion to strike the hearsay allegedly contained therein. Defendant also cites to 29 C.F.R. § 553.215 for the proposition that a county may treat ambulance and rescue service employees of a public agency as employees engaged in fire protection or law enforcement activities if their services are "substantially related" to fire fighting or law enforcement activities. Additionally, defendant contends that the EMT's were at one point housed in the sheriff's office and under the direct supervision of the sheriff. Defendant also submits a statement that during 1986, sixteen percent of the ambulance calls were to render emergency medical service to fire, crime, and accident victims. During 1987 and 1988, twenty percent of the EMS calls were to render the same. Defendant further asserts that plaintiff Steven Chalker was an executive or administrative employee

---

1. The rate of pay for the 72-hour workweek averages to $3.15 per hour. Since the statutory minimum is $3.35 per hour, plaintiffs have cal-culated their overtime compensation for the 72-hour workweek based on this minimum.

and is therefore exempt from the overtime provisions of the FLSA. *See* 29 U.S.C. § 213(a)(1).[2]

Defendant moved for partial summary judgment asserting that the plaintiffs were engaged in "law enforcement" activities, as that term is defined by the FLSA, and are therefore exempt from the overtime pay provisions contained therein. Defendant submits that the plaintiffs were specially trained and certified under state law in the rescue of fire, crime and accident victims. Plaintiffs moved for partial summary judgment asserting that they were not engaged in fire protection or law enforcement activities because they lacked the requisite training in fire prevention and law enforcement techniques and did not routinely go on fire or police calls. Plaintiffs further assert that Steven Chalker was not an administrative employee since he contributed more than twenty percent of his time to non-administrative duties. In an uncontested motion filed on September 13, 1989, plaintiffs seek to strike the hearsay statement of Mr. Milton Halibut contained in defendant's brief in support of their motion for summary judgment.

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden by showing that the non-movant has failed to make a showing sufficient to establish the existence of an element essential to the non-movant's case, and on which the non-movant will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If there is any factual issue in the record that is unresolved by the motion for summary judgment, then the Court may not decide that matter. *See Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). All reasonable doubts must be resolved in favor of the party opposing summary judgment. *Casey Enterprises v. American Hardware Mutual Ins. Co.*, 655 F.2d 598, 602 (5th Cir.1981). When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985). This burden cannot be carried by reliance on the pleadings, or by repetition of the conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir.1981). Rather, the opposing party must respond by affidavits or as otherwise provided in Fed. R.Civ.P. 56.

The file indicates that the clerk notified the non-movant of the consequences for failure to respond to the motion for summary judgment. *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985). The non-movant having had a reasonable opportunity to respond to the motion, I will now rule on movant's motion for summary judgment and plaintiffs' motion to strike the hearsay statement contained in defendant's brief.

Before proceeding to the issues presented in the summary judgment motions, I will first address plaintiffs' motion to strike the hearsay statement contained in defendant's brief in support of its motion for summary judgment. Defendant offers a statement by Mr. Milton Halibut of the United States Department of Labor to support its motion. Mr. Halibut apparently indicated to defendant's attorney that it was the department's policy to treat a county owned EMS as related either to fire protection or law enforcement depending on which category the EMS is engaged the most. This statement did not appear in affidavit form, but rather appeared as an

---

**2.** This section provides that the provisions of 29 U.S.C. § 206 (concerning minimum wage) and § 207 (concerning overtime pay) shall not apply with respect to any employee employed in a bona fide executive, administrative, or professional capacity.

unsupported factual assertion in defendant's brief. The motion to strike is uncontested by defendant.

The Court may consider only that evidence that would be admissible at trial. *Sires v. Luke*, 544 F.Supp. 1155 (S.D.Ga. 1982); *Samuels v. Doctors Hosp., Inc.*, 588 F.2d 485, 486 n. 2 (5th Cir.1979). In determining admissibility under Rule 56, the same standards apply as at trial. *Munoz v. International Alliance of Theatrical Stage Employees*, 563 F.2d 205, 207 n. 1 (5th Cir.1977). Thus, in ruling upon summary judgment motions, courts refuse to consider hearsay. *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.*, 505 F.Supp. 1125 (E.D.Pa.1980). Testimony as to what a nonparty witness may have told defendant's counsel is hearsay and inadmissible. Self-serving statements of fact in a party's brief, not in proper affidavit form, may not be considered in determining if a genuine issue of material fact exists. *Sims v. Mack Truck Corp.*, 488 F.Supp. 592 (E.D.Pa. 1980); *Tunnell v. Wiley*, 514 F.2d 971 (3rd Cir.1975). Accordingly, plaintiffs' motion to strike the hearsay statement is GRANTED. I will now rule on the issues presented in the summary judgment motions submitted by the parties.

 Both parties submit the same basic issue for resolution. Defendant asserts that although plaintiffs fall within the purview of the FLSA, they are exempt from overtime pay pursuant to the exemption provisions contained in the Act. As an alternative argument, defendant asserts that the County employed plaintiff Steven Chalker in an administrative capacity and that he is therefore exempt under the applicable provisions. Plaintiffs, on the other hand, assert that they do not fall within either the "fire protection" or "law enforcement" exemptions because they lack the requisite training and, additionally, are not regularly dispatched to fires, crime scenes, riots, natural disasters and accidents. Moreover, Steven Chalker should be classified as a "blue collar" worker based on the amount of time he actually worked in an administrative capacity.

Section 7(a) of the FLSA provides that employers whose employees are engaged in interstate commerce shall pay their employees overtime compensation after the employees have worked forty hours in a workweek. The congressional purpose in enacting this section was twofold: (1) to spread employment by placing financial pressure on employers to hire additional employees rather than have current employees work longer hours, and (2) to compensate employees for the burden of working longer hours. *Walling v. Helmerich & Payne*, 323 U.S. 37, 40, 65 S.Ct. 11, 13, 89 L.Ed. 29 (1944). Defendant does not dispute that plaintiffs were not paid overtime in accordance with this section. The key question is whether plaintiffs fall within either the section 7(k) exemption or the 213(b)(20) exemption of the Act thereby precluding the necessity of the County paying overtime.

Section 7(k) of the Act provides a partial overtime pay exception for fire protection and law enforcement personnel employed by public agencies on a work-period basis. Pursuant to this section, if an employee has a work period of at least seven but less than twenty-eight consecutive days, overtime compensation is required when the ratio of the number of hours worked to the number of days in the work period exceeds the ratio of 212 (for fire protection) or 171 (for law enforcement) hours to 28 days. *See* 29 C.F.R. § 553.201.

Section 13(b)(20) of the Act provides a complete overtime pay exemption for any employee of a public agency who in any workweek is employed in fire protection activities or law enforcement activities if the agency employs during the workweek less than five employees in fire protection or law enforcement activities, as the case may be. For purposes of this section, the fire protection and law enforcement activities are considered separately. Additionally, the exemption applies on a workweek basis thereby making it possible that employees may be subject to the maximum hours standard in certain workweeks, but not in others. *See* 29 C.F.R. § 553.200. The regulations list the requirements that an employee must meet to be considered taking part in fire protection or law en-

forcement activities. *See* 29 C.F.R. §§ 553.210 and 553.211. The regulations explicitly state that the terms "fire protection" and "law enforcement" would also include rescue and ambulance service personnel if such personnel form an *integral part* of the public agency's fire protection or law enforcement activities. *Id.*

Of notable importance is 29 C.F.R. § 553.215 entitled "Ambulance and rescue service employees." This section purports to explicate the term "integral part" as contained in the regulations. In relevant part, section (a) of this regulation states:

> Ambulance and rescue service employees of a public agency other than a fire protection or law enforcement agency may be treated as employees engaged in fire protection or law enforcement activities of the type contemplated by sections 7(k) and 13(b)(20) if their services are *substantially related* to firefighting or law enforcement activities in that (1) the ambulance and rescue service employees have *received training in the rescue* of fire, crime, and accident victims or firefighters or law enforcement personnel injured in the performance of their respective duties and (2) the ambulance and rescue service employees are *regularly dispatched* to fires, crime scenes, riots, natural disasters and accidents.

29 C.F.R. § 553.215 (emphasis supplied).

Plaintiffs submitted affidavits to support their assertions that they were not trained in fire protection services or in law enforcement activities and did not routinely go on fire or police calls. The section, however, does not require that the employees be trained in fire protection services or law enforcement activities. Rather, the section refers only to training in the *rescue* of fire, crime, and accident victims or firefighters or law enforcement personnel injured in the performance of their duties. Moreover, defendant submitted an affidavit reflecting the trip reports made by the Johnson County EMS during 1986, 1987, and 1988. This affidavit calls into question whether the trips reflected constitute "regular dispatch" within the language of the regulation or whether the EMT's were dispatched only when emergency medical service was needed. Accordingly, I find that there exist material issues of fact which preclude summary judgment on the issue of whether the EMT's fall within one of the exemptions of the Act. The parties need to submit evidence which further illuminates the amount and nature of training the Johnson County EMT's received during the relevant time period; the nature and frequency of the "calls" on which the EMT's were dispatched; and any other evidence which would help interpret and apply the "substantially related" and "integral part" language contained in the regulations.

Similarly, whether Steven Chalker is exempt from the FLSA overtime provisions based on his alleged administrative capacity is not appropriate for summary judgment. Plaintiffs submitted affidavits asserting that Mr. Chalker worked only ten percent of his time dealing with administrative duties and worked the rest of his time as an EMT. Defendant, on the other hand, submitted affidavits indicating that Mr. Chalker had responsibilities which would indicate his employment was one of an administrative capacity. The definition of "administrative" exempts only employees who are primarily engaged in the responsible work which is characteristic of employment in a bona fide administrative capacity. 29 C.F.R. § 541.206. Moreover, an employee will not qualify for exemption as an administrative employee if he devotes more than twenty percent of his hours worked in the workweek to non-exempt work; that is, to activities which are not directly and closely related to the performance of the exempted work. 29 C.F.R. § 541.209. Accordingly, there exist material issues of fact with regard to Mr. Chalker's employment status with the Johnson County EMS unit during the years in question. Specifically, issues exist as to Mr. Chalker's primary duty during this time and the amount of time he spent on the various responsibilities delegated to him.

In summary, plaintiffs' motion to strike the hearsay statement contained in defendant's brief is GRANTED and will not be given weight or credit by the Court. Defendant's motion for summary judgment

and plaintiffs' cross-motion for summary judgment are DENIED. There exist material issues of fact which preclude the granting of summary judgment with regard to whether the plaintiffs fall within an FLSA exemption for overtime compensation. Furthermore, issues of material fact exist with regard to Mr. Chalker's primary duties and the percentage of work time devoted to administrative duties. These issues must be resolved by trial upon the merits.