Mary G. GORE, Plaintiff,

v.

GTE SOUTH, INC., Defendant.

Civil Action No. 95–D–326–S.

United States District Court,
M.D. Alabama,
Southern Division.

March 14, 1996.

---

Kenneth C. Sheets, Jr., Dothan, AL, for plaintiff.

William C. Carn, III, Dothan, AL, for defendant.

## MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is the defendant's motion for summary judgment filed September 29, 1995. Also before the court is the defendant's motion to strike filed February 20, 1996. In ruling on said motions, the court has considered the parties' respective briefs, as well as the replies and responses thereto.[1] After careful consideration of the arguments of counsel, the relevant case law and the record as a whole, the court finds that the defendant's motion to strike is due to be denied in part and granted in part and that the defendant's motion for summary judgment is due to be granted.

### JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12201 *et. seq.* and the Rehabilitation Act of 1973.[2] The plaintiff also alleges violations of Alabama statutory law. These purported violations transpired during the same transaction and occurrence as the alleged federal deprivations; therefore, the court may assert supplemental jurisdiction over the plaintiff's state law claim. *See* 28 U.S.C. § 1367(a).[3] Personal jurisdiction and venue are uncontested.

---

1. The court notes that it has been generous in granting counsel for the plaintiff extensions of time in which to file his briefs and evidentiary materials. In fact, counsel for the plaintiff filed its response to the defendant's supplemental memorandum of law a day late. However, the court, in continuing its generosity to plaintiff's counsel, will consider said response in ruling on the defendant's motion for summary judgment. The court cautions that in the future it may be less generous.

2. Section 1331 provides, "[t]he federal district courts shall have original jurisdiction of all civil actions arising under the ... laws ... of the United States." 28 U.S.C. § 1331.

3. Pursuant to § 1367,
   ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

## SUMMARY JUDGMENT STANDARD

■ On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2549, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

■ The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the

moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

■ In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356; *see also Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

## FINDINGS OF FACT

The plaintiff, Mary Gore ("Ms. Gore"), was hired as a temporary part-time operator for GTE Telephone Operations, a subsidiary of GTE Corporation ("GTE") in its Dothan, Alabama, Operations Center on March 29, 1993. Spear Aff. at 1. Ms. Gore's employment was temporary and part-time due to the anticipated closing of the Dothan Operations Center. This closing was originally projected for September 30, 1993, but was ultimately delayed until September 30, 1994. Ms. Gore knew at the time she was hired that her employment was temporary, and would terminate upon the closing of the Dothan Operations Center. Gore Dep. at 15–16. Ms. Gore was hired after first failing to pass pre-employment examination, and then

controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

being allowed to subsequently retake those examinations. Gore Dep. at 13.

On September 8, 1993, Ms. Gore applied for a transfer to the Lexington, Kentucky Operations Center, where all operator services were to be located. Upon receipt of her request for transfer, GTE reviewed her record and determined that her rate of absenteeism was excessive. GTE's review of Ms. Gore's attendance record revealed that she had missed work on eight occasions for a total of forty-three hours, and had eight instances in which she was tardy. These absences and tardies occurred over a period of six months from March of 1993 through September of 1993. Thereafter, Ms. Gore was advised by letter dated November 23, 1993, that her transfer request was denied. At the time this decision was made, Ms. Gore had not identified herself as handicapped or as a disabled person in her transfer request, nor was such information solicited by GTE. Spear Aff. at 1–2.

A second transfer request was submitted to the Lexington office dated April 1, 1994. Ms. Gore's records were again reviewed, and GTE decided again not to approve her transfer. This review, which included her employment with GTE through March of 1994, reflected eighteen occurrences of absenteeism for a total of 407.75 hours, with nine instances of tardiness. Again, Ms. Gore did not identify herself as a handicapped or disabled person. Spear Aff. at 2.

Ms. Gore subsequently forwarded a letter dated May 12, 1994, requesting that her record again be reviewed and for the first time identifying herself as a disabled person. She stated in the letter that many of her absences were probably related to her disability, but this information did not change GTE's decision that her rate of absenteeism and tardiness was excessive, sporadic and unpredictable. Spear Aff. at 2.

The closing of the Dothan office was delayed until September 30, 1994. A decision was made by GTE to defer an official notification to Ms. Gore to see if her attendance record might improve prior to the time of the scheduled closing. Between March 16, 1994, and July 8, 1994, Ms. Gore had an absence of eight hours and one tardy for seven minutes. The absence was due to a swollen eye and the tardy was noted as "awards ceremony ran late." Spear Aff. at 3.

Ms. Gore is a disabled person due to a spina bifida condition which she has had since birth. Gore Dep. at 11. She claims that a majority of her absences and tardy occurrences were related in part to her disability. As such, GTE offered her the opportunity to rearrange her schedule or to "swap with other employees." Gore Dep. at 45–46; Jones Aff. at 1. However, only one of her absences was planned in advance. Gore Dep. at 44, 73–74. On the other hand, Ms. Gore adequately performed her job when she was able to be in physical attendance. Gore Dep. at 27.

On March 8, 1995, Ms. Gore commenced this action alleging that GTE violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and § 21–7–8 of the *Code of Alabama.* GTE contends that it is entitled to summary judgment on each of these claims. The court will address each of GTE's contentions below.

### A. *Motion to Strike*

Before proceeding to the issues presented in the summary judgment motion, the court will first address GTE's motion to strike portions of Mary G. Gore's affidavit, found in paragraphs 3 and 5 on the grounds that these matters in the affidavit constitute hearsay, opinions and conclusory statements which are improper under Rule 56(e) of the *Federal Rules of Civil Procedure.*[4] Specifi-

---

**4.** The court recognizes that an affidavit which fails to meet the standards of Rule 56(e) of the *Federal Rules of Civil Procedure* is subject to a motion to strike. *Southern Concrete Co. v. United States Steel Corp.*, 394 F.Supp. 362, 380 (N.D.Ga. 1975), aff'd, 535 F.2d 313 (5th Cir.1976). The motion to strike should state precisely the portions of the affidavit to which objection is being made, and the grounds therefor. *Id.; Olympic*

*Ins. Co. v. H.D. Harrison, Inc.*, 418 F.2d 669, 670 (5th Cir.1969) (Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)). The court further notes that if no objection is made to inadmissible statements in an affidavit then the court may consider them on a motion for summary judgment. *Har-*

cally, Ms. White asserts that the following should be stricken:

3. After my employment with the GTE South of six months, I contacted the Communication Workers of America (Union) to inquire as to my present position and status. I was informed that after six months my position was no longer temporary according to GTE's contract with the Union. Additionally, I discussed my status with my supervisor, Phyllis Ward, she informed my that according to the employee guidelines and the union contract, I was no longer temporary.

5. ... Several individuals that were permitted to transfer to Kentucky that had missed as much or more days than I had during the course of my employment in the Dothan office. These individuals were Gloria Ford and Travis Everage. Additionally, my tardiness was nothing compared to Bennie Bennett who was tardy almost every day. These individuals were not handicapped and missed as many days as I did but were permitted to transfer.

*See* Gore Aff. The motion to strike is contested by Ms. Gore. Specifically, Ms. Gore asserts that the statements in paragraph 3 are not being asserted for the truth of the matter, but rather for the purpose that her impression was confirmed. Ms. Gore also asserts that her statements regarding the attendance of others concern facts which she has knowledge and personally observed.

■ Ms. Gore's affidavit was filed in support of her opposition to GTE's motion for summary judgment, and as such, it must comport with the requirements of the *Federal Rules of Civil Procedure*. Rule 56(e) of the *Federal Rules of Civil Procedure* provides that an affidavit opposing a motion for

summary judgment "shall be made on *personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall show affirmatively that *the affiant is competent to testify to the matters stated therein.*" (emphasis added). Because affidavits proffered in opposition to a motion for summary judgment must be based upon personal knowledge, an affidavit based upon "information and belief" is insufficient as a matter of law. *Automatic Radio Mfg. Co. v. Hazeltine Research,* 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312 (1950); *Reeves v. Thigpen,* 879 F.Supp. 1153, 1164 (M.D.Ala.1995).

■ Further, the court may consider only that evidence that would be admissible at trial.[5] *Soles v. Board of Comm'rs of Johnson County,* 746 F.Supp. 106, 110 (S.D.Ga. 1990) (citing *Sires v. Luke,* 544 F.Supp. 1155 (S.D.Ga.1982); *Samuels v. Doctors Hosp., Inc.,* 588 F.2d 485, 486 n. 2 (5th Cir.1979)). In determining admissibility under Rule 56, the same standards apply as at trial. *Soles,* 746 F.Supp. at 110 (citing *Munoz v. International Alliance of Theatrical Stage Employees,* 563 F.2d 205, 207 n. 1 (5th Cir.1977)). Thus, in ruling upon summary judgment motions, the court will refuse to consider inadmissible hearsay.[6] *Soles,* 746 F.Supp. at 110 (citation omitted).

■ Ms. Gore may rely on the facts contained in paragraph 3 to show her state of mind, and therefore, the court will consider paragraph 3 for this limited purpose only. *See* Fed.R.Evid. 803(3). However, the court will not consider whether these statements were in fact made nor whether the statements are true. As such, the court finds that GTE's motion to strike is due to be denied concerning paragraph 3.

rison, 418 F.2d at 670; *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639 (2d Cir.1988).

**5.** The court notes that even if an affidavit does contain some inadmissible material, the court is not required to strike the entire affidavit. *Southern Concrete Co. v. United States Steel Corp.,* 394 F.Supp. 362, 380 (N.D.Ga.1975), *aff'd,* 535 F.2d 313 (5th Cir.1976) (citations omitted). The court may strike or disregard the inadmissible portions and consider the rest of the affidavit. *Id.; Lee v. National Life Assurance Co.,* 632 F.2d 524, 529 (5th Cir.1980) (citations omitted).

**6.** The court recognizes that "it is the policy of [R]ule 56(e) to allow the affidavit to contain evidentiary matter, which if the affiant were in court and testified on the witness stand, would be admissible as part of his testimony." *American Securit Co. v. Hamilton Glass Co.,* 254 F.2d 889, 893 (7th Cir.1958); *see also H. Sand & Co. v. Airtemp Corp.,* 934 F.2d 450, 454–55 (2d Cir. 1991). Thus, hearsay statements that would be admissible at the trial as exceptions to the hearsay rule may be contained in the affidavit. *Airtemp,* 934 F.2d at 454–55.

■ Although the facts and testimony contained in paragraph 5 of Ms. Gore's affidavit are relevant to issues presented in this case, they are inadmissible at trial. The court finds that this paragraph asserts and relies on the truth of the charges. These statements are conclusory in only asserting Ms. Gore's opinion concerning the attendance records of other persons and the consideration given those attendance records by GTE. Statements such as here which are essentially conclusory and lacking in specific facts are inadequate to satisfy the movant's burden. Accordingly, the court will not consider those statements in paragraph 5 in its analysis of the motion for summary judgment.[7]

■ GTE also moves the court to strike materials in Ms. Gore's brief in opposition to GTE's motion for summary judgment, where Ms. Gore alludes to an employee who, in Ms. Gore's opinion was obese, and was denied a transfer to Lexington, Kentucky. Self-serving statements of fact in a party's brief, not in proper affidavit form, may not be considered in determining if a genuine issue of material fact exists. *Soles*, 746 F.Supp. at 110 (citing *Sims v. Mack Truck Corp.*, 488 F.Supp. 592 (E.D.Pa.), *cert. denied*, 445 U.S. 930, 100 S.Ct. 1319, 63 L.Ed.2d 764 (1980); *Tunnell v. Wiley*, 514 F.2d 971 (3d Cir. 1975)). Accordingly, the court will disregard said portions of Ms. Gore's brief in opposition. Based on the foregoing, the court finds that GTE's motion to strike is due to be denied in part and granted in part, as aforesaid.

### B. Americans with Disabilities Act

■ The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et. seq.*, provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individu-

al. . . ."[8] 42 U.S.C. § 12112(a). To establish employment discrimination under the Americans with Disabilities Act ("ADA"), Ms. Gore must prove that: (1) she has a disability, (2) she is qualified for the position, and (3) GTE's termination of her employment constitutes unlawful discrimination. *Tyndall v. National Educ. Ctrs.*, 31 F.3d 209, 212 (4th Cir.1994). It is undisputed that Ms. Gore suffers from a spina bifida condition which is a disability under the ADA. Therefore, the question before the court is whether Ms. Gore is "qualified" under the ADA, and if so, whether the denial of her transfer request was discriminatory based upon her disability.

■ The ADA defines a "qualified individual with a disability" as: "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).[9] The foregoing language has been construed by the Supreme Court of the United States to mean that a " 'qualified' person must be 'able to meet all of a program's requirements in spite of his handicap.' " *Tyndall*, 31 F.3d at 213 (quoting *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979)). Therefore, Ms. Gore bears the burden of proving that (1) she can perform the essential functions of the job of telephone operator, and if not, (2) reasonable accommodations by GTE would have allowed her to perform those essential functions. *Tyndall*, 31 F.3d at 213 (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1393–94 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1386, 128 L.Ed.2d 61 (1994)); *see also Lucero v. Hart*, 915 F.2d 1367 (9th Cir.1990).

■ Ms. Gore contends that GTE has failed to show that attendance is an essential function to the job at issue. The court is

---

**7.** The court finds it noteworthy to mention that even if it did consider said statements in paragraph 5 of Ms. Gore's affidavit, the outcome of its decision regarding GTE's motion for summary judgment would not change.

**8.** Title I of the ADA is codified at 42 U.S.C.A. §§ 12111–12117, while Title II is codified at 42 U.S.C.A. §§ 12131–12165.

**9.** The foregoing language is substantially similar as the definition of a "qualified individual with handicap" in the Rehabilitation Act of 1973. *See* 29 C.F.R. § 1614.203(a)(6). As such, it is well established that case law construing the Rehabilitation Act of 1973 may be relied upon in interpreting the provisions of the ADA. *Tyndall*, 31 F.3d at 213 n. 1.

persuaded by *Tyndall, supra,* where the Fourth Circuit considered "whether an employer violated the [ADA] ... by discharging a disabled employee who was frequently absent from work due to her disability and the disability of a family member." 31 F.3d at 211. Noting that there was no dispute regarding the ability of the employee to perform the job, when in attendance, the court nevertheless affirmed summary judgment for the employer, holding as follows:

> In addition to possessing the skills necessary to perform the job in question, an employee must be willing and able to demonstrate these skills by coming to work on a regular basis. Except in the unusual case where an employee can effectively perform all work-related duties at home, an employee "who does not come to work cannot perform *any* of his job functions, essential or otherwise." Therefore, a regular and reliable level of attendance is a necessary element of most jobs. An employee who cannot meet the attendance requirements of the job at issue cannot be considered a "qualified" individual protected by the ADA.

*Id.* at 213 (internal citations omitted). Here, common sense dictates that it is not possible to take a customer's incoming call if the operator is not physically present as his or her work station. *See* Spears Aff. (establishing the necessity of reliable and predictable attendance with respect to the position of telephone operator); Jones Aff. (same). Accordingly, the court finds that Ms. Gore's argument in this respect is wholly without merit, and as such, regular and reliable attendance is an essential function of the job of telephone operator.

■ GTE argues that, as a matter of law, Ms. Gore is unable to meet the essential requirement of regular, dependable attendance on the job, so that she is not a "qualified" individual within the meaning of the ADA. On the other hand, Ms. Gore contends that there are material factual issues as to whether her attendance was excessive, sporadic and unpredictable, and if so, whether this is excused by virtue of the fact that her absences may have been related to her handicap.

At the outset, the court finds that the issue in not whether Ms. Gore's excessive absenteeism and occurrences of tardiness are related to her disability. *See Jackson v. Veterans Administration,* 22 F.3d 277 (11th Cir.), *cert. dismissed,* —— U.S. ——, 115 S.Ct. 657, 130 L.Ed.2d 560 (1994). The issue is whether, as a matter of law, Ms. Gore is able to meet the essential requirement of regular, dependable attendance on the job, so that she is a "qualified" individual within the meaning of the ADA.

In *Jackson, supra,* the employer argued that regular, dependable attendance was an essential function of the job being performed by the employee, and the employee was accordingly not "qualified" under the Rehabilitation Act of 1973. The Veterans Administration did not dispute that the employee performed satisfactorily, when he was at work, nor was there any dispute that the employee was handicapped for the purposes of the act. The issue, however, was whether the sporadic and unpredictable attendance of the employee mandated the conclusion that he was not "qualified" under the Act.

The court in *Jackson* noted, that the "heart of the problem" was the unpredictable nature of the employee's absences, and the inability on the part of the employer to accommodate this aspect of the absences. *Id.* at 279. The court accordingly held that the district court properly granted summary judgment, having correctly "reasoned that [the plaintiff] has failed to prove he is an otherwise qualified individual because he has failed to satisfy the presence requirements of the job." *Id.* at 279–80. Similarly, other courts have held, as a matter of law, that excessive, sporadic and unpredictable absenteeism is not subject to reasonable accommodation by the employer, and the employee is accordingly not "qualified" under the appropriate statute. *See Santiago v. Temple University,* 739 F.Supp. 974 (E.D.Pa.1990), *aff'd,* 928 F.2d 396 (3d Cir.1991); *Strathie v. Department of Transportation,* 716 F.2d 227 (3d Cir.1983); *Stevens v. Stubbs,* 576 F.Supp. 1409 (N.D.Ga.1983); *Walders v. Garrett,* 765 F.Supp. 303 (E.D.Va.1991), *aff'd,* 956 F.2d 1163 (4th Cir.1992); *Wimbley v. Bolger,* 642 F.Supp. 481 (W.D.Tenn.1986), *aff'd,* 831 F.2d

298 (6th Cir.1987); *Matzo v. Postmaster General,* 685 F.Supp. 260 (D.D.C.1987), *aff'd,* 861 F.2d 1290 (D.C.Cir.1988).

Based on the evidence before the court, it is evident that Ms. Gore's absences were sporadic and unpredictable. Moreover, GTE did attempt to aid Ms. Gore in meeting her presence requirement with accommodations. Specifically, GTE offered her the opportunity to rearrange her schedule or to "swap with other employees." The court finds that these accommodations were reasonable in light of Ms. Gore's absences.

■ However, GTE was not even required to offer Ms. Gore any accommodation, because her absences were unpredictable—only one of her absences was planned in advance. As noted in *Jackson,* "there is no way to accommodate [unpredictable] ... absences." 22 F.3d at 279. Hence, GTE went beyond its legal obligations owed to Ms. Gore.

■ The court also finds it noteworthy to mention that Ms. Gore has presented no evidence that GTE has discriminated against her based on her disability.[10] The initial decisions not to transfer Ms. Gore were made without any knowledge of any disability or handicap on the part of Ms. Gore. In support thereof, it is undisputed that she did not identify herself as a handicapped or disabled person in her transfer requests dated September 8, 1993 and April 1, 1994. Also, GTE did not solicit such information concerning the two transfer requests. Moreover, Ms. Gore has not even asserted that GTE had knowledge of her disability prior to May 12, 1994, when she requested that her record be reviewed and identified herself, for the first time, as a disabled person.

Because it is apparent that Ms. Gore could not report to work consistently, despite GTE's efforts to accommodate her disabling condition, the court finds that she is not a "qualified individual" under 42 U.S.C. § 12111(8). Moreover, the court finds that Ms. Gore has failed to present any evidence

that GTE has discriminated against her based on her disability. Accordingly, the court concludes that GTE is entitled to summary judgment concerning Ms. Gore's ADA claim.

### C. *The Rehabilitation Act of 1973*

■ At the outset, the court notes that the foregoing analysis concerning a "qualified individual" also applies to the claims brought by Ms. Gore pursuant to the Rehabilitation Act of 1973. The language in the ADA tracks the definition of "qualified individual with handicap" under the Rehabilitation Act. The Rehabilitation Act defines "qualified individual with handicap" as "an individual with handicaps who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others...." 29 C.F.R. § 1614.203(a)(6). As such, the court finds that Ms. Gore is not a "qualified individual" within the meaning of the Rehabilitation Act. Consequently, GTE is entitled to summary judgment regarding Ms. Gore's claims under the Rehabilitation Act.

■ Notwithstanding the foregoing, the court finds that the Rehabilitation Act is not applicable to this case. Section 794 of the Rehabilitation Act of 1973, as amended, provides in pertinent part:

No otherwise qualified individual with handicaps in the United States, as defined in § 706(8) of this Title, shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under *any program or activity receiving federal financial assistance* or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C.A. § 794 (emphasis added). The "federal assistance" referred to in § 794 "must have some nexus to the program or activity in which the handicapped person is to

---

10. For the reasons set forth in GTE's supplemental memorandum of law filed February 20, 1996, the court also finds that Ms. Gore's contention that she was discriminated against because she

was denied permanent employment is wholly without merit and warrants no further discussion.

participate."[11] *Henning v. Village of Mayfield Village,* 610 F.Supp. 17, 19 (N.D.Ohio 1985) (citing *Grove City College v. Bell,* 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984)). Hence, in order to prevail under the Rehabilitation Act, Ms. Gore must show not only that she is a handicapped individual who is qualified to be a telephone operator and excluded from said job because of her handicap but also that the program or activity receives federal financial assistance. *See Henning,* 610 F.Supp. at 18 (citing *Doe v. New York University,* 666 F.2d 761 (2d Cir. 1981); *Fitzgerald v. Green Valley Area Educ. Agency,* 589 F.Supp. 1130 (S.D.Iowa 1984)).

It is undisputed that Ms. Gore's employment as a telephone operator in the Dothan GTE Telephone Operation was in no respect a program or activity receiving federal financial assistance. *See* Spears Aff. Accordingly, the court finds that GTE is entitled to summary judgment on any claims brought pursuant to the Rehabilitation Act of 1973.

D. *State Law Claim Under § 21–7–8*

GTE also seeks summary judgment on Ms. Gore's claim under Ala.Code § 21–7–8, which provides:

> It is the policy of this State that the blind, the visually handicapped and the otherwise physically disabled shall be employed in the State service, the service of the political subdivisions of the State, in the public schools and *in all other employment supported in whole or in part by public funds* on the same terms and conditions as the able-bodied, unless it is shown that the particular disability prevents the performance of the work involved.

Essentially, this provision "declares it to be the policy for political subdivisions of the State of Alabama to employ disabled persons." *Ethridge v. State of Alabama,* 860 F.Supp. 808, 820 (M.D.Ala.1994).

It is undisputed that Ms. Gore's employment was not "supported in whole or in part by public funds." Spears Aff. In fact, Ms. Gore failed to respond to GTE's contention that the telephone operations center in Dothan is a privately held business corporation. *See Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552 ("the plain language of Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case"). Accordingly, the court finds that GTE is entitled to summary judgment on Ms. Gore's state claim.

### CONCLUSION

For the foregoing reasons, the court finds that defendant GTE South, Inc.'s motion to strike is due to be denied in part and granted in part, as aforesaid. The court further finds that GTE South, Inc.'s motion for summary judgment is due to be granted. A judgment in accordance with this memorandum opinion will be entered separately.

---

**11.** The court rejects Ms. Gore's argument that the federal assistance requirement under § 794 was eliminated by the 1978 Amendments to the Rehabilitation Act. Ms. Gore's reliance on *Tuck* *v. HCA Health Services of Tennessee, Inc.,* 7 F.3d 465, 471 (6th Cir.1993) and *Chandler v. City of Dallas,* 2 F.3d 1385 (5th Cir.1993), is misplaced and does not warrant further discussion.