Cecil Ray CAPPS, Plaintiff-Appellee,

v.

HUMBLE OIL AND REFINING COMPA-
NY, Defendant-Third-Party
Plaintiff-Appellee,

v.

COATING SPECIALISTS, INC.,
Third-Party Defendant,

v.

The NORTH WEST INSURANCE
COMPANY, Intervenor-Appellant.

No. 75–4302
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 29, 1976.
Rehearing Denied Aug. 27, 1976.

Roger J. Larue, Jr., Donald V. Organ, New Orleans, La., for North West Ins. Co.

E. Burt Harris, Charles B. Lovering, New Orleans, La., for Humble Oil.

Harvy J. Lewis, New Orleans, La., for C. R. Capps.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order dismissing the intervention of appellant North West Insurance Company. We affirm.

* Rule 18, 5th Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York*, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

By contract dated July 1, 1963 Coating Specialists, Inc. agreed to perform certain construction work on Humble Oil and Refining Company's outer continental shelf platform. The contract obligated Coating to carry certain types of workmen's compensation and employer's liability insurance, and further provided that Coating and Coating's underwriters waive all rights of subrogation against Humble and its underwriters.

North West Insurance Company provided Coating with workmen's compensation and employer's liability insurance. As required, North West agreed to waive its right of subrogation against Humble. Coating paid North West an additional premium in consideration for this agreement.

In September 1971 Cecil Ray Capps, a Coating employee, fell and severely injured his back while performing his duties on a Humble offshore drilling platform off the coast of Louisiana. North West made compensation payments to Capps and medical payments on his behalf totaling more than $21,000.

On June 30, 1972 Capps filed this damage suit against Humble, contending that his injuries had been caused by the oil company's negligence. North West, by motion dated September 25, 1972, sought to intervene as plaintiff. In its motion, North West alleged that:

.  .  .  as the compensation insurer of the employer of the original plaintiff herein, it is subrogated to the rights of the employer against the defendant to be indemnified for the amounts paid to and on behalf of the original plaintiff as disability benefits and medical expenses .  .  .

The trial court permitted North West to intervene, and the insurance company filed an Intervenor's Complaint in which it again alleged that it had paid disability benefits to Capps and had incurred medical expenses on his behalf for which it was legally subrogated to the rights of Capps for indemnity from Humble.

Capps and Humble subsequently reached an amicable settlement, but the settlement was predicated upon the dismissal of the intervention filed on behalf of North West. Accordingly, both parties moved to dismiss the claims of the intervenor on the ground that Coating, the intervenor's insured, waived by contract all rights of subrogation against Humble. Relying on our recent decision in *Allen v. Texaco, Inc.,* 510 F.2d 977 (5th Cir. 1974), the trial court dismissed North West's complaint.

On appeal, to avoid the consequences of its agreement to waive subrogation rights, North West argues that it has certain "other rights," independent of the right to subrogation, which entitle it to reimbursement by Humble. In *Allen,* on almost identical facts we rejected a similar argument:

An employee was injured on the job and received compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act. The compensation carrier had waived rights of subrogation as to any claim the employee might have against a third party who caused the injury. The employee sued the third party and a settlement was reached. Does the waiver of subrogation rights by the compensation carrier bar a lien against and participation in the proceeds of the settlement between the employee and the third party, to which the carrier would otherwise be legally entitled? The district court held there to be a bar and dismissed the carrier's claim. The compensation carrier argues that the waiver only bars it from filing a suit against the third party as subrogee of the employee's claim, but does not bar its lien against the suit proceeds or settlement proceeds where the employee pursues the claim against the third party and receives a settlement or judgment. We decide the workmen's compensation carrier waived *any claim* to the settlement between the third party and the employee. We affirm the district court.

510 F.2d at 978 (Emphasis supplied).

In addition, North West asserts for the first time on appeal that it may seek

82

reimbursement from Capps, the recipient of the compensation, notwithstanding its waiver of subrogation rights. North West never advanced such a claim below. A party cannot raise a new theory on appeal that was not presented to the court below. *Wolf v. Frank*, 477 F.2d 467 (5th Cir. 1973), *cert. denied*, 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973); *Autrey v. Williams* and *Dunlap*, 343 F.2d 730 (5th Cir. 1965).

AFFIRMED.