**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-40257
SUMMARY CALENDAR

SAL HASKOURI,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF TEXAS AT BROWNSVILLE,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(B-97-113)

September 28, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Sal Haskouri petitions for review of summary judgment in favor of Appellee University of Texas at Brownsville (UTB). Haskouri, a naturalized American citizen of Moroccan ancestry and Muslim faith, was hired by UTB as a part-time math instructor from August 31, 1992 to December 19, 1992. Thereafter,

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Haskouri applied for a similar position, but UTB declined to rehire him.

On January 22, 1996, Haskouri filed a discrimination claim with the Equal Employment Opportunity Commission (EEOC), alleging UTB's decision not to hire him was based upon his national origin. In response, UTB offered to reappoint Haskouri to a part-time position and required that he be subject to performance evaluations and visits by the Dean. Haskouri refused.

On April 3, 1997, Haskouri filed suit in the 138th District Court of Cameron County, Texas. His suit was removed to federal court on May 19, 1997. After Haskouri twice amended his complaint, UTB filed for summary judgment on three grounds: (1) Haskouri's earlier voluntary waiver of reappointment barred him from recovering the same relief in this forum, (2) Haskouri's claim for reappointment was barred under the Texas Constitution by the statute of limitations, and (3) Haskouri's claim for attorneys' fees and costs are not available under the Texas Constitution. On January 2, 2000, the district court granted UTB's motion and entered judgment in its favor. Haskouri, while conceding the claim for attorneys' fees, now appeals the summary judgment.

There is a two-year statute of limitations applicable to Texas Constitutional claims. See Jackson v. Houston Indep. Sch. Dist., 994 S.W.2d 396, 402 (Tex. Ct. App. 1999). While a cause

of action may accrue when a wrongful act causes injury, the discovery rule "defers accrual of the cause of action until the plaintiff knew, or by exercising reasonable diligence, should have known of the facts giving rise to the cause of action." <u>Li v. University of Texas Health Science Ctr.</u>, 984 S.W.2d 647, 651 (Tex. Ct. App. 1998).

We conclude that Haskouri's claims are barred by the statute of limitations. Haskouri's original complaint was filed on January 22, 1996. Haskouri had notice of a potential discrimination claim in 1993, when UTB refused to rehire him. This Court is without jurisdiction to consider Haskouri's claim that the 1996 reappointment offer was also discriminatory because it was not addressed by the district court and is alleged for the first time on appeal. <u>See, e.g.</u>, <u>Capps v. Humble Oil & Refining Co.</u>, 536 F.2d 80, 81 (5th Cir. 1976); <u>Poston v. Carake</u>, 378 F.2d 439, 442-43 (5th Cir. 1967). Because we find the statute of limitations bars Haskouri's claim, we do not reach the issue of waiver.

Accordingly, we AFFIRM the order of the district court.