United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-50562
Summary Calendar

**TONYA SWIST, on behalf of Tony Ray Green, Jr.,**

**Plaintiff-Appellant,**

**versus**

**JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,**

**Defendant-Appellee.**

**Appeal from the United States District Court
for the Western District of Texas
(1:04-CV-326)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tonya Swist, applicant for Supplemental Security Income child disability benefits on behalf of her minor son, Tony Ray Green, Jr. (TRG), appeals the district court's affirmance of the Social Security Commissioner's decision that TRG was *not* disabled within the meaning of the Social Security Act (the Act).

Swist's application for benefits was based on TRG's claimed inability to engage in substantial gainful activity due to his asthma. Her original application was denied in October 2001; her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reapplication, in January 2002. After requesting reconsideration, benefits were again denied in August 2002. Swist then requested a hearing by an administrative law judge (ALJ).

As of the ALJ hearing, TRG was six-years old. His medical records showed, beginning at age two, a history of treatment for shortness of breath, wheezing, and coughing. TRG testified he took pills and used a breathing machine and inhaler to treat these asthmatic symptoms. Swist testified TRG's illness often caused him to miss school, and, when he did attend, his medications caused him to be hyper and inattentive. His medical records also showed his parents allowed his prescriptive medications to lapse on multiple occasions.

In addition to the above testimony, the ALJ considered reports from medical consultants and TRG's teachers. In 2001, TRG's preschool teacher rated TRG average in all areas, including: following oral instructions, comprehension of classroom discussion, and completion of tasks on time. In 2001 and 2002, two medical consultants assessed TRG's functioning on behalf of the Commissioner. Both concluded his impairments were severe, but did not meet, medically equal, or functionally equal any Listing of Impairments (Listing) in the Social Security Regulations.

After reviewing the above reports and testimony, the ALJ concluded TRG was *not* disabled within the meaning of the Act. The ALJ determined TRG's asthma was severe, but did not medically equal

2

any impairment on the Listing. The ALJ concluded TRG had no limitations in attending and completing tasks, interacting and relating with others, and caring for self, and had less than marked limitations in acquiring and using information, moving about and manipulating objects, and health and physical well-being.

After the ALJ denied benefits, Swist appealed to the Appeals Council, which denied review in April 2004. She then appealed to the district court, which affirmed in March 2005.

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied. *E.g.*, **Greenspan v. Shalala**, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." **Id.** (internal citations and quotation marks omitted). "[I]t must be more than a scintilla, but it need not be a preponderance". **Leggett v. Chater**, 67 F.3d 558, 564 (5th Cir. 1995) (internal citation and quotation marks omitted). Any findings of fact made by the Commissioner and supported by substantial evidence are conclusive. *See* 42 U.S.C. § 405(g). We "cannot reweigh the evidence"; instead, our review is limited to determining whether the record "contains substantial evidence to support the Commissioner's decision". **Leggett**, 67 F.3d at 564.

In determining whether a child is disabled under the meaning of the Act, a three-step evaluation is employed by the Commissioner: (1) "whether the child is engaged in substantial gainful activity"; (2) "whether the child has an impairment that is 'severe'"; and (3) "whether the child's impairment is medically or functionally equivalent in severity to the impairments listed in the disability regulations". *Moore v. Barnhart*, 413 F.3d 718, 721 (8th Cir. 2005) (paraphrasing 20 C.F.R. § 416.924). For the third inquiry, the ALJ must consider whether the applicant's impairment results in a marked limitation in two domains or an extreme limitation in one domain for the following: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Swist asserts the ALJ erred in concluding TRG's impairment did not satisfy this third inquiry.

Substantial evidence, including reports from two medical consultants and TRG's preschool teacher, supports the ALJ's findings regarding TRG's functional capabilities. The ALJ also found that Swist's assertions regarding functional limitations and restrictions of activities of daily living were "exaggerated, lack[ed] corroboration or substantiation in the medical evidence, and [were] not credible as to a disabling impairment". The ALJ

4

based his findings on substantial evidence and applied the proper legal standards.

We do not consider Swist's claims raised for the first time on appeal, including whether TRG's condition "waxes and wanes" pursuant to *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003), and whether a treating physician's statement should have been afforded greater weight than a teacher's statement, pursuant to *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). *See* *Capps v. Humble Oil & Refining Co.*, 536 F.2d 80, 82 (5th Cir. 1976) ("A party cannot raise a new theory on appeal that was not presented to the court below.").

*AFFIRMED*