United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 05-31056
Summary Calendar

BRENDA BOWIE,
ON BEHALF OF DE'ERICA BOWIE,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
m 1:04-CV-1602

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited (continued...)

Brenda Bowie, an applicant for Supplemental Security Income ("SSI") disability benefits on behalf of her minor daughter, De'Erica, appeals the district court's affirmance of the Social Security Commissioner's decision to deny the requested benefits on the ground that

---

\*(...continued)
circumstances set forth in 5TH CIR. R. 47.5.4.

De'Erica is not disabled within the meaning of the Social Security Act. We affirm.

## I.

In 1995, at the age of two, De'Erica suffered kidney failure and required an organ transplant. At that time she was found to be disabled and began receiving SSI benefits. Pursuant to a continuing disability review, the Social Security Administration terminated her benefits in November 2001.

Bowie, on behalf of her daughter, filed a new application for SSI benefits in July 2002 on the basis of the child's continuing kidney problems. In March 2004, after holding a hearing, an administrative law judge ("ALJ") ruled that although De'Erica is severely impaired, she is not disabled within the meaning of the Act. Bowie appealed to the agency's Appeals Council, which declined to review the case. The ALJ's ruling accordingly became the final administrative decision of the Commissioner.

Bowie sought judicial review of that decision in federal district court, arguing that in failing to find De'Erica disabled, the ALJ erred by (1) rejecting a finding by the school board that her daughter has a learning disorder, (2) failing to address the negative side-effects of the immuno-suppressants taken by the child to prevent her body's rejection of the transplanted kidney, (3) finding that the child has less than marked limitations in the six domains covered by agency regulations, (4) failing to address the effect of Denys-Drash syndrome on the child, and (5) rejecting Bowie's request to supplement the record with additional medical records substantiating the diagnosis of Denys-Drash syndrome. After reviewing the briefs and administrative record, a magistrate judge determined that the ALJ's ruling is supported by substantial evidence in the re-

cord. He accordingly recommended that the Commissioner's decision be upheld.

Specifically, the magistrate judge found that although there are indications that De'Erica has learning difficulties, the record does not reflect a disabling learning disorder. The magistrate judge additionally found that the ALJ did consider the side effects caused by the immuno-suppressants and further found that substantial evidence in the record supports the ALJ's determination that these effects are not disabling. The magistrate judge likewise held that medical records support the ALJ's finding that though De'Erica's post-transplant status and learning problems qualify as severe impairments, the child does not suffer from any marked limitations in the relevant functional domains. The judge noted that Bowie had not pointed to any record evidence that indicated otherwise.

Although the ALJ never mentioned Denys-Drash syndrome by name, the magistrate judge found that the ALJ had adequately considered the effects the disease had on the child by taking all of its symptoms into account when determining the extent of her functional limitations.[1] Finally, the magistrate judge deter-

---

[1] Denys-Drash syndrome consists of three main parts: congenital kidney disease, Wilms' tumor (a type of kidney cancer), and malformation of the sexual organs (also known as an intersex disorder) caused by mutations in the Wilms' tumor suppressor gene. De'Erica's renal failure and Wilms' tumor were considered by the ALJ in reaching his decision to deny benefits. Bowie argued in the district court that the ALJ erred by failing to consider and develop the record with respect to a possible intersex disorder, but the magistrate judge found that De'Erica's medical records did not indicate that the child had such a disorder, and that
(continued...)

2

mined that supplementation of the record with additional evidence of the Denys-Drash diagnosis was not necessary, because the complications caused by the disease were already in the record and considered by the ALJ.

Bowie filed objections to the magistrate judge's report and recommendation, arguing, *inter alia*, that he had made an inappropriate medical finding. Over these objections, the district court adopted the recommendation and affirmed the Commissioner's decision to deny benefits. The court noted that "the Magistrate Judge's incidental references to medical definitions, with appropriate citations, are informational only and do not purport to form any basis for the ultimate conclusions reached." The court further stated that the record reflects that the medical experts who testified at the administrative hearing "have considered the underlying Denys-Drash syndrome in formulating their opinions."

## II.

"Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied." *Swist ex rel. Green v. Barnhart*, No. 05-50562, 2006 U.S. App. LEXIS 9938, at *3-*4 (5th Cir. Apr. 20, 2006) (per curiam) (unpublished). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "[I]t must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Findings of fact made by the Commissioner and supported

by substantial evidence are conclusive. *See* 42 U.S.C. § 405(g).

## III.

In determining whether a child is disabled within the meaning of the Social Security Act, the Commissioner must consider

> (1) whether the child is engaged in substantial gainful activity; (2) whether the child has an impairment that is "severe;" and (3) whether the child's impairment is medically or functionally equivalent in severity to the impairments listed in the disability regulations. For the third inquiry, the ALJ must consider whether the applicant's impairment results in a marked limitation in two domains or an extreme limitation in one domain for the following: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.

*Swist*, 2006 U.S. App. LEXIS 9938, at *4-*5 (internal citations and quotations omitted). A "marked limitation" is one that "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). It is a limitation that is "more than moderate" but "less than extreme." *Id*.

The ALJ rested his decision on the third prong. In contending that De'Erica is, contrary to the ALJ's determination, disabled, Bowie reasserts on appeal all of her arguments made to the district court, including that the magistrate judge erred by making an "independent medical finding" in holding that "the symptoms discussed by physicians in the record and the ALJ are caused by or [are] a result of De'Erica's Denys-Drash Syndrome."

---

[1](...continued)
the burden of proving such a condition fell on Bowie, not the Commissioner.

Because none of the doctors whose opinions are a matter of record found that De'Erica suffers a marked limitation in any of the relevant domains, and because Bowie has pointed us to no medical evidence to the contrary, we agree with the magistrate judge that the ALJ's determination regarding the severity of De'Erica's functional limitations is supported by substantial evidence.

We further agree, for the reasons stated in the magistrate judge's recommendation, that in reaching his determination of non-disability, the ALJ adequately took into account De'Erica's learning problems, the side-effects the child suffered as a result of taking immuno-suppressants, and all symptoms indicative of Denys-Drash syndrome. Because the ALJ considered all symptoms in the record indicative of Denys-Drash, we agree with the magistrate judge that supplementation of the record to substantiate that diagnosis was not necessary. Furthermore, we agree with the district court that the magistrate judge's elaboration of the symptoms of Denys-Drash did not amount to an inappropriate medical finding based on evidence outside of the record, but rather was merely an informational discussion designed to explain why the ALJ had not erred by failing to mention the syndrome by name.

Because the ALJ's decision to deny benefits on account of non-disability is supported by substantial evidence, we AFFIRM.