# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 27, 2012

No. 12-30196
Summary Calendar

Lyle W. Cayce
Clerk

MARIE REED,

Plaintiff-Appellant,

versus

MIKE EDWARDS, Officer of the Baton Rouge Police Department;
CHARLES MONDRICK,
Interim Chief of the Baton Rouge Police Department;
HEATH SOILEAU,
Officer of the Probation and Parole Officer of East Baton Rouge Parish;
JAMES M. LEBLANC, Secretary of the Louisiana Department of Corrections;
BRIAN BLACHE, Detective of East Baton Rouge Parish Sheriff's Office;
SID GAUTREAUX, East Baton Rouge Parish Sheriff;
CHASITY SANFORD,
Deputy of the East Baton Rouge Parish Sheriff's Office,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:11-CV-30

No. 12-30196

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

I.

Marie Reed asserted false-arrest and false-imprisonment claims under 42 U.S.C. § 1983 and various state-law claims. She alleged that the defendants, who are law enforcement and probation officers, conspired to bring false charges against her, which resulted in her arrest and extended imprisonment. Defendants moved to dismiss for failure to state a claim, arguing that Reed's claims were time-barred. The district court determined that the false-arrest and imprisonment claims accrued at her bond hearing, which was no later than August 15, 2009; the one-year statute of limitations rendered her January 2011 filing untimely. The court dismissed Reed's federal claims with prejudice and declined to exercise jurisdiction over the supplemental state-law claims. Reed appeals.

II.

Reed contends that her Fourth Amendment claim for unlawful seizure was not time-barred, because although the limitations period is governed by state law, *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 814 n.7 (5th Cir. 2010), the accrual date is governed by federal law, which dictates that a § 1983 claim accrues when a "plaintiff knows or has reason to know of the injury which is the basis of the action,." *Lavellee v. Listi*, 611 F.2d 1129, 1130-31 (5th Cir. 1980)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(internal citations and quotations omitted).  For false-arrest and false-imprison-ment claims, the limitations period accrues when the plaintiff "becomes held pursuant to [legal] process—when, for example, [s]he is bound over by a magis-trate or arraigned on charges."  *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (emphasis omitted).  Although the district court found that Reed was detained pursuant to legal process at her bond hearing, she asserts that that hearing did not constitute "legal process," because the record does not reveal whether the hearing included a determination of the legality of her detention.  Reed instead asks to file an amended complaint adding further details about the bond hearing and whether it constituted legal process.

Our caselaw indirectly addresses this issue and suggests that a bond hear-ing constitutes legal process under *Wallace*.  In *Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010), we held that a warden who was sued under § 1983 "could reasonably have concluded that [the plaintiff's] detention was pursuant to pro-cess," because the plaintiff was "afforded a bond hearing on his charges."  Reed argues that *Hubert* is not controlling, because the issue there pertained to an inquiry regarding whether the warden had violated clearly established law and not to the *Wallace* legal-process requirement.

Instead, Reed points to *Mondragon v. Thompson*, 519 F.3d 1078 (10th Cir. 2008), to suggest that a bond hearing does not constitute legal process.  The plaintiff in that case alleged that he appeared at "some sort of hearing" but con-tended that it did not constitute legal process, because the record did not indi-cate what kind of hearing it was.  *Id.* at 1081.  Because the arrest warrant was forged and there was no information regarding what kind of hearing the plaintiff received, the court expressed doubt that the plaintiff had received legal process

No. 12-30196

within the meaning of *Wallace*, so it remanded for the district court to make the determination. *Id.* at 1083-84. The court noted, however, that the *Wallace* requirement would have been satisfied if the arrest warrant had not been forged or if there were more information surrounding the plaintiff's hearing. *Id.*

Reed appeared at a bond hearing and posted bond no later than August 2009. Because she appeared before a judge, acknowledged the claims against her, and posted bail, we can ascertain the kind of hearing she received. We conclude that a bond hearing satisfies the definition of legal process within the meaning of *Wallace*, so we need not remand to allow Reed to amend.

Even if the bond hearing did not meet the legal-process requirement of *Wallace*, Reed attended several later revocation hearings that constituted legal process. The first, in which Reed was represented by counsel, was held in September 2009, so Reed's claims expired, at the latest, in September 2010. Because she did not sue until January 2011, her Fourth Amendment claims are time-barred, even using the later accrual date.[1]

## III.

Reed alternatively argues that, even if her Fourth Amendment claim is time-barred, she can state a viable claim under the Due Process Clause if permitted to amend. Although Federal Rule of Civil Procedure 15(a) "declares that leave to amend 'shall be freely given when justice so requires,'" *Foman v. Davis*, 371 U.S. 178, 182 (1962), Reed never asked the district court for leave to amend

---

[1] Despite the bond hearing and the subsequent revocation hearings, Reed insists that the only hearing this court should consider for accrual purposes is the one held in January 2010. Reed has offered no support for that assertion, and we see no reason to consider the bond hearing or the September revocation hearing insufficient under *Wallace*.

No. 12-30196

or sought to raise a due process claim during the more than one year that suit was pending. Therefore, the court did not deprive her of an opportunity to amend.

Reed also claims that, even though she failed to raise a due-process claim in her initial pleading or to move to amend, justice requires that this court permit her to raise a due-process claim. As a general rule, "[a] party cannot raise a new theory on appeal that was not presented to the court below," *Capps v. Humble Oil & Refining Co.*, 536 F.2d 80, 82 (5th Cir. 1976), but Reed contends that these are "exceptional circumstances" that allow an appellate court to hear an issue for the first time on appeal if "no further factual development is required and a miscarriage of justice would otherwise result," *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1144-45 (5th Cir. Unit A Sept. 1981).

There is no miscarriage of justice. First, it is not certain that Reed would have succeeded on this theory if she had raised it in district court. *See id.* at 1146 (declining to consider a new theory on appeal, because it was not certain that the appellant would have prevailed on that theory in the lower court). Second, the due-process claim that Reed wishes to raise is not a pure question of law but instead would require further factual findings regarding Reed's arrest and imprisonment to determine whether they in fact violated due process. Reed has presented only conclusional allegations that her arrest was concocted through a conspiracy, so no miscarriage of justice would result from following our general rule and refusing to hear her new claim.

AFFIRMED.